Per Curiam.

Admittedly, any authority to require the contested reduction is derived from Section 5713.11, Revised Code, which reads so far as pertinent:
“When the people of any taxing subdivision have voted additional levies for any purpose in the year of reassessment or any year prior thereto * * * and said additional levies are effective in the year of reassessment or thereafter * * * and the levies are to be calculated on a total valuation of property higher than that of the year before reassessment * * # the rate of said additional levy shall be reduced in the same proportion in which the total valuation of property in said taxing subdivision is increased by the reassessment * * * over the total valuation of the year preceding the reassessment * * (Emphasis supplied.)
The Board of Tax Appeals held that the reduction should be affected by all changes in the real, public utility and personal property duplicates excepting, because on the specific provisions of Section 5705.331, new construction on real property. The appellant contends that the reduction should be affected only by the increase caused by the reassessment.
In our opinion, the words of Section 5713.11 plainly indicate that appellant’s contention must be sustained. There is nothing in Section 5705.331, Revised Code, which would reasonably support a different conclusion.
The decision of the Board of Tax Appeals being unlawful is reversed.

Decision reversed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert, and Gibson, JJ., concur.